IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00658-WDM-MEH

COMMONWEALTH PROPERTY ADVOCATES, LLC,

    Plaintiff,

v.

DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for Rali 2006QS13,
HOMECOMINGS FINANCIAL, LLC, f/k/a Homecomings Financial Network, Inc.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and
JOHN DOES OF UNKNOWN NUMBER,

    Defendants.

## ORDER GRANTING MOTION TO STAY

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is a Joint Motion to Stay Proceedings Pending Decision on Motion to Dismiss [filed February 11, 2011; docket #35]. The motion is referred to this Court for disposition. (Docket #36.) For the following reasons, the Court **GRANTS** the joint motion.

**I.    Background[1]**

In March 2010, Plaintiff filed two actions in the United States District Court for the District of Colorado that are essentially identical but were assigned to different judges - this action (referred to as the "Deutsche Bank Action") and a second, *Commonwealth Property Advocates, LLC v. U.S. Bank Nat'l Ass'n as Trustee for RFMSI 2007S6, et al.*, Civil Action No. 10-cv-00657-WYD-KMT (the "U.S. Bank Action"). Both cases arise from promissory notes entered into by Alison Dean with lender, Homecomings Financial Network, Inc. n/k/a Homecomings Financial, LLC. Dean executed

---

[1] As set forth, in part, by the parties in the present motion.

two notes with Homecomings in 2006 to purchase property located at 4950 West Ohio Avenue, Denver, Colorado (the "West Ohio Property") and secured the notes with deeds of trust. Dean executed two more notes with Homecomings in 2007 to purchase a different property located at 3857 Sky Hawk Court, Castle Rock, Colorado (the "Sky Hawk Property") and also secured the notes with deeds of trust.  The notes and deeds of trust associated with the West Ohio Property were transferred to Defendant Deutsche Bank. The notes and deeds of trust for the Sky Hawk Property were transferred to U.S. Bank.

Deutsche Bank declared a default under one of the notes associated with the West Ohio Property.  A Public Trustee foreclosure sale occurred and the West Ohio Property has been sold to a third party, not named in this action.  Similarly, U.S. Bank declared a default under one of the notes for the Sky Hawk Property.  A Public Trustee foreclosure sale has occurred and that property, too, has been sold to a third party. Before the foreclosure sales, Dean quitclaimed her interest in both properties to the Plaintiff.

In both the Deutsche Bank Action and the U.S. Bank Action, the Plaintiff has asserted four identical claims for relief.  Based on these claims, the Plaintiff contends that any transfer of the notes and deeds of trust to Deutsche Bank or U.S. Bank was invalid and that neither entity had the right to commence foreclosure proceedings against the properties originally owned by Dean.  The Plaintiff in both actions claims that it holds title to the properties pursuant to the quitclaim deeds from Dean, and seeks to unwind the foreclosure sales and quiet title to the properties in the Plaintiff. The complaints filed in each action are identical, except that there are different notes and deeds of trust referenced (although their terms are largely the same), different defendants and different properties involved.

On May 3, 2010, the Defendants filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(l) and 12(b)(6) in this case (docket No. 15), as well as in the U.S. Bank Action (docket No. 17). The bases for dismissal are identical in both Motions to Dismiss. On February 3, 2011, Judge Daniel entered an order dismissing the U.S. Bank Action finding that the Court lacked subject matter jurisdiction based on the rule set forth in *Younger v. Harris*, 401 U. S. 37 (1971). Judge Daniel entered a final judgment in that case pursuant to Fed. R. Civ. P. 58 on February 7, 2011.

On February 11, 2011, the Defendants filed a Motion to Supplement Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(l) and 12(b)(6) in this case identifying two grounds for dismissal not previously raised with the Court - that the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, and that the Plaintiffs Complaint is barred by the doctrine of claim preclusion. Thus, the parties agree that, in light of Judge Daniel's dismissal of a case that is identical to this action, and the fact that if granted, the Defendant's Motion to Dismiss will resolve this case in its entirety, a temporary stay of these proceedings pending resolution of the motion "is warranted and will conserve the resources of the Court and the parties."

The parties have not yet engaged in discovery, other than making their initial disclosures. Additionally, since the initiation of this litigation, the property that is the subject of this action and in which the Plaintiff seeks to quiet title was sold at a foreclosure sale to a third party. Accordingly, if the Plaintiff's Complaint survives the pending Motion to Dismiss, the Plaintiff will need to add the new owner of the property as a party to this action in order to obtain the relief requested, since the Defendants no longer have an ownership interest in the property sufficient to afford the Plaintiff the majority of the relief requested.

**II.     Discussion**

The decision to stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A stay of all discovery is generally disfavored in this district. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). However, as this Court stated previously, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007).

Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

A balance of these factors favors a temporary stay in this case. The parties have jointly moved for a stay to avoid any unnecessary burdens and/or costs of discovery. While the Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to dismiss that could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the Court's] nor the parties' time is well-served by being

4

involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted).  "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted).

Therefore, as the pending motion to dismiss concerns the threshold issue of subject matter jurisdiction and may resolve this matter in its entirety, the Court finds good cause exists to impose a temporary stay until the District Court rules on the Motion to Dismiss.

**III.   Conclusion**

Accordingly, for the reasons stated above, the Court **GRANTS** the Joint Motion to Stay Proceedings Pending Decision on Motion to Dismiss [filed February 11, 2011; docket #35].  This matter is hereby **STAYED** pending further order of the Court.  The parties shall file a status report with the Court indicating what, if any, changes to the Scheduling Order are needed, within *five business days* of a ruling on Defendants' pending Motion to Dismiss.

Dated at Denver, Colorado, this 14th day of February, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge