IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 10-cv-00658-WDM-MEH

COMMONWEALTH PROPERTY ADVOCATES, LLC,

Plaintiff,

v.

DEUTSCHE BANK TRUST COMPANY AMERICAS as Trustee for RALI 2006QS13,
HOMECOMINGS FINANCIAL, LLC f/k/a HOMECOMINGS FINANCIAL NETWORK, INC.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

Defendants.

---

**ORDER ON MOTION TO DISMISS**

---

Miller, J.

This case comes before me on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), filed May 3, 2010 (ECF No. 15), as well as on Plaintiff's Amended Request for Hearing, filed July 12, 2010 (ECF No. 33), and Defendants' Motion to Supplement the Motion to Dismiss, filed February 11, 2011 (ECF No. 34).

Plaintiff Commonwealth Property Advocates, LLC (Commonwealth), filed this civil action to determine the parties' rights to real property located in Denver, Colorado. Commonwealth claims entitlement to the property by quitclaim deed from Alison Dean (Dean), its predecessor-in-interest, and asserts that efforts by Defendants to foreclose on the property are void under a variety of legal theories.

According to allegations in the complaint, on September 1, 2006, Dean executed two promissory notes in favor of defendant Homecomings Financial, LLC, f/k/a

Homecomings Financial Network, Inc. (Homecomings), in connection with the purchase of real property located at 4950 West Ohio Avenue, Denver, Colorado. Each note was secured by a deed of trust. Ultimately, Homecomings transferred the loans to defendant Deutsche Bank Trust Company Americas as Trustee for RALI 2006QS13 (Deutsche Bank).

Dean did not meet her payment obligations under the first loan. Deutsche Bank declared a default of the loan and, on April 7, 2009, initiated foreclosure proceedings by recording a Notice of Election and Demand for Sale by the Public Trustee of Denver County, Colorado. The Notice of Election identifies Deutsche Bank as the holder of the evidence of debt and defendant Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Homecomings.

On March 17, 2010, Dean conveyed the Property to Commonwealth by way of quitclaim deed. Compl. Ex. A, ECF No. 1-1. On March 19, 2010, prior to the Public Trustee's foreclosure sale set for April 1, 2010, Commonwealth filed its complaint in this action, which prevented the execution of the sale as scheduled.

Commonwealth makes four claims for relief. In its first two claims, it requests a declaration pursuant to 28 U.S.C. § 2201 that Defendants lack any interest under the deeds of trust that may be enforced by lien upon or sale of the property. These requests are premised on Commonwealth's contentions that Defendants were obligated to disclose to Dean and Commonwealth the interests of any assignees of the notes or deeds and that their refusal to do so rendered Dean and/or Commonwealth unable to discharge the obligations on the notes (First Cause of Action) and that Deutsche Bank has no authority to declare default or sell the property because it is not the beneficiary

of record on the first deed and because the transfers of the notes stripped Deutsche Bank of such authority (Second Cause of Action).

In its Third Cause of Action, Commonwealth requests an order quieting title in the property to Commonwealth on the grounds that the Defendants' transfer of the notes voided any interest in the notes and improperly clouded Commonwealth's title to the property. Commonwealth also asserts that assignments of the deeds are void because it recorded the quitclaim deed before Defendants recorded any assignment of the deeds of trust.

In its Fourth Cause of Action, Commonwealth seeks a refund of fees and charges under the notes and deeds and an award of its litigation fees and costs, including attorneys' fees, on the theory that Defendants' attempts to foreclose on the property, or otherwise to assert entitlement to enforce the notes, constitute a fraud on the court.

Defendants filed the Motion to Dismiss as their first responsive pleading, raising arguments of lack of subject matter jurisdiction, lack of standing, legal insufficiency, and lack of particularity.

On February 11, 2011, the parties filed a Joint Motion to Stay Proceedings pending my ruling on the Motion to Dismiss (ECF No. 35).[1] In the Joint Motion to Stay, they inform me that, since the filing of the Motion to Dismiss, the property at issue in this case has been sold at a foreclosure sale to a third party. At the same time, Defendants

---

[1] I referred the Joint Motion to Stay to Magistrate Judge Michael E. Hegarty, who granted the motion by order dated February 14, 2011 (ECF No. 37). No action has occurred in the case since that date.

moved to supplement the motion to dismiss (ECF No. 34) to provide as additional grounds for dismissal the doctrines of *Rooker-Feldman* and claim preclusion. Commonwealth has not responded to this motion, and I conclude it admits the stated, uncontested facts presented therein. Those facts include reference to a Public Trustee's Confirmation Deed, dated August 3, 2010, confirming the sale on foreclosure to Deutsche Bank and noting that "all periods of redemption have expired."[2] Exhibit F to the Motion to Supplement (ECF No. 34-6).

In the Joint Motion for Stay, the parties bring to my attention the dismissal by Chief Judge Daniel of this Court of a related case involving virtually identical claims for relief brought by the same plaintiff and where the subject property had likewise been sold. By order dated February 2, 2011, Judge Daniel dismissed the related case based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), or, alternatively, on grounds of claim preclusion. Upon my review of the record in this case, the Joint Motion, and Judge Daniel's order, I conclude that I must dismiss this case as precluded by the state foreclosure action.

Dismissal of this action is mandated by state preclusion law. In determining whether there is a state court decision to which I must give full faith and credit pursuant to 28 U.S.C. § 1738, I look to the preclusion law of Colorado. *Nichols v. Bd. of Cnty. Comm'rs*, 506 F.3d 962, 967 (10th Cir. 2007). In Colorado, a second judicial proceeding is barred by a prior judgment where there is: "(1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between

---

[2] According to the Motion to Supplement, Deutsche Bank has since sold the property to a third party.

parties to the actions." *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005).

The case before me involves the same real property and parties and concerns the validity of the same loan documentation. Commonwealth seeks a declaration that the Defendants lacked authority to bring the state foreclosure action, a claim that either was or could have been brought in that action. *See Id.* at 608 ("Claim preclusion works to preclude the relitigation of matters that have already been decided as well as matters that could have been raised in a prior proceeding but were not"). Therefore, as the state foreclosure proceedings appear on the record before me to be final, that finality precludes me from addressing the merits of the claims before me.[3]

---

[3] Although the record before me appears to indicate that the state foreclosure proceedings are final, if they are still pending, I must abstain from proceeding in this case under *Younger*.

The Supreme Court held in *Younger* that, absent exceptional circumstances, federal courts must abstain from exercising jurisdiction over suits for declaratory or injunctive relief against pending state criminal proceedings. *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Younger*, 401 U.S. at 43, 53-54). In *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, the Court extended *Younger* abstention to state civil actions "when important state interests are involved. 457 U.S. 423, 432 (1982). The Court set forth a three-part test for determining whether a federal court should abstain in favor of a state proceedings: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges. *Phelps*, 122 F.3d at 889 (citing *Middlesex*, 457 U.S. at 432). Once these conditions are met, I do not have discretion to maintain jurisdiction but rather must abstain under *Younger* absent extraordinary circumstances not present in this case. *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

In this case, Commonwealth has sought declaratory relief concerning the rights of the parties to the property which is the subject of the state foreclosure proceedings. The record before me reflects that those state foreclosure proceedings may be ongoing. Furthermore, it is clear that the state proceedings implicate important state interests concerning title to real property located within the State of Colorado. *See BFP v. Resolution Trust Corp.*, 511 U.S. 531, 544 (1994) ("It is beyond question that an essential state interest is at issue here: We have said that 'the general welfare of

Accordingly, it is ordered:

1. Commonwealth's claims are dismissed with prejudice.

2. Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6), filed May 3, 2010 (ECF No. 15), is denied as moot.

1. Commonwealth's Amended Request for Hearing, filed July 12, 2010 (ECF No. 33), is denied.

2. Defendants' Motion to Supplement Motion to Dismiss, filed February 11, 2011 (ECF No. 34), is denied as moot.

DATED at Denver, Colorado, on March 30, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge

---

society is involved in the security of the titles to real estate' and the power to ensure that security 'inheres in the very nature of [state] government") (modification in quoted material). *See also Beeler Props., LLC v. Lowe Enters. Residential Investors, LLC*, No. 07-cv-00149-MSK-MJW, slip op. at 3 (D. Colo. May 7, 2007) (applying *Younger* in context of state foreclosure proceedings). On the issue of availability of federal claims, although Commonwealth has not asserted any substantive claims under federal law in this case, the state proceedings afforded an opportunity to raise such claims. Accordingly, should the state foreclosure proceedings remain pending, I must abstain from exercising jurisdiction over Commonwealth's claims for declaratory relief.